Opinion by EKWALL, J. At the trial the customhouse broker testified that duress certificates were filed for both invoices and the office copy of the certificates covering invoice Nos. 1 and 2 was received in evidence as collective exhibit 1. Upon the record presented, the claim of the plaintiff was sustained, the court finding that the plaintiff had overcome the presumption of correctness attaching to the collector's action by positive proof that the missing duress certificate was actually filed by plaintiff's agent. The collector was therefore directed to reliquidate and make allowance for the British purchase tax, in accordance with the judgment in Reap. Dec. 7053, *supra*.

No. 55950.—J & H Baer, Inc., et al. *v.* United States, protests 151665–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 55951.—Lloyd A. Pfeiffer Co. *v.* United States, protest 151964–K (Baltimore).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currency involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currency of the invoices should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

No. 55952.—J. Blank et al. *v.* United States, protests 152840-K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices